IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00309-RBJ

RONALD WILLIAM KALKHORST,

    Plaintiff,

v.

HARDWARE SPECIALTY CO., INC.,

    Defendant.

---

## ORDER OF DISMISSAL

---

    Ronald William Kalkhorst filed this action, representing himself *pro se,* on February 3, 2014.  His complaint, entitled "Title VII Complaint," alleges that he was terminated from his employment because of his age, 60, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5

    On March 25, 2014 the defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  [ECF No. 13].  Defendant argued that the complaint should have been filed under the Age Discrimination in Employment Act and that, in any event, it does not allege sufficient facts even if believed to make out a plausible claim for age discrimination.  Plaintiff's response to the motion was due on or about April 18, 2014, but no response was filed.  On April 28, 2014 the defendant filed a motion to dismiss for failure to prosecute (by failing to respond to the first

motion to dismiss) or, alternatively, for an order to show cause why the claims should not be dismissed. [ECF No. 14].

On April 29, 2004 the Court issued an order requiring Mr. Kalkhorst to show cause within 14 days as to why the case should not be dismissed without prejudice for failure to prosecute. The Court noted that it holds the pleadings of a *pro se* litigant to a less stringent standard than those of a represented party, citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), but also warned Mr. Kalkhorst that if he did not respond or did respond but did not provide a good explanation as to why he did not respond to the motion to dismiss, the Court would dismiss the case without prejudice for failure to prosecute. [ECF No. 15].

On the following day, April 30, 2014, Mr. Kalkhorst filed a pleading that he titled, "Order Granting Plantiff's (sic) Motion for Continuance." [ECF No. 16]. In this document he refers to a conversation he had with the Court's Judicial Assistant on February 11, 2014 during which she allegedly told him "You need to do nothing as of now." Assuming that the conversation took place as he states, it makes some sense. The Court had, the previous day, issued a routine order directing the parties to set a Scheduling Conference within 45 days after the answer or a motion to dismiss or other response to the complaint was filed. As of February 11, 2014 the defendant had not been served with the summons and complaint. There literally was nothing that Mr. Kalkhorst was required to do at that time.

That changed when, following service, the defendant filed a motion to dismiss for failure to state a claim on March 25, 2014. Mr. Kalkhorst then was required to respond to it, but he did not. The defendant then filed a motion to dismiss for failure to prosecute, based on Mr. Kalkhorst's failure to respond to the motion to dismiss for failure to state a claim. That was

when the Court issued the order to show cause which essentially told Mr. Kalkhorst what he needed to do. But he still did not provide what I would consider to be a reasonable explanation of why he did not respond to the motion to dismiss, particularly after the need to do so was brought to his attention by the Court.

The Court must treat his pleadings liberally, but it must also be fair to both parties and not adopt the role of Mr. Kalkhorst's lawyer or advisor. I will not dismiss the case with prejudice (meaning that he could not refile it), because it does appear that he still wishes to pursue an age discrimination claim, even if he filed it under the wrong statute. But, he did receive fair warning that a dismissal without prejudice was potentially coming.

## ORDER

1. Defendant's motion to dismiss for failure to state a claim on which relief could be granted [ECF No. 13] is DENIED AS MOOT.
2. Defendant's first motion to dismiss for failure to prosecute [ECF No. 14] is DENIED AS MOOT.
3. Plaintiff's "Order Granting Plantiff's (sic) Motion for Continuance," construed as a motion for continuance [ECF No. 16], is DENIED.
4. Defendant's renewed motion to dismiss for failure to prosecute [ECF No. 17] is GRANTED IN PART AND DENIED IN PART. It is granted to the extent that this case is dismissed. However, it is denied to the extent that defendant sought dismissal with prejudice. The case is dismissed without prejudice. As the prevailing party defendant is awarded its reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.L.Civ.R. 54.1.

4

DATED this 21st day of May, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge